# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SUCCESS SYSTEMS, INC., and
SMART C-STORES, LLC

                    Plaintiffs,

vs.                                    CASE NO. 3:21-CV-1391-AVC

CRS, INC.; SALE POINT, INC., D/B/A
LONGINO DISTRIBUTING, INC.; AND
SHIN HEUNG PRECISION CO., LETD

                      Defendants.

**PLAINTIFFS SUCCESS SYSTEM, INC'S AND SMART C-STORES, LLC AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Success Systems Inc., and Smart C-Stores LLC ("Plaintiffs") hereby makes its amended responses to Defendant CRS Incorporated's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

**1.** Plaintiffs object to Defendant's interrogatories to the extent that they impose burdens beyond the permissible scope of discovery authorized by the Federal Rules of Civil Procedure.

**2.** Plaintiffs object to Defendant's interrogatories to the extent that they purport to seek information that is publicly available or that is as readily available to Defendant as it is to the Plaintiff.

**3.** Plaintiffs object to Defendant's interrogatories to the extent that they seek information that is irrelevant, immaterial and not reasonably calculated to lead to the

discovery of admissible evidence.

4. Plaintiffs object to Defendant's interrogatories to the extent that they seek information not limited in timeframe or scope and, therefore, are overly broad and unduly burdensome in that they bear no relationship to the time period relevant to the issues in this litigation.

5. Plaintiffs objects to Defendant's interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the work product privilege or any other applicable privilege.

6. Plaintiffs' decision to provide responses to any interrogatory notwithstanding the objectionable nature of any of the discovery requests, should not be construed as a waiver of any of these General Objections or as a waiver of these General Objections as a whole.

Subject to the foregoing objections, the Plaintiffs respond to these interrogatories to the best of their present knowledge, information and belief, and based on their continuing investigation of the matters that are the subject of this litigation. The Plaintiffs reserves the right to make any use of information not known to exist at this time, including, but not limited to, information obtained in discovery herein. Therefore, Plaintiffs respond to these Interrogatories based on information presently available to them through reasonable or diligent inquiry. Discovery is continuing, and Plaintiffs reserve the right to supplement their responses to these Interrogatories.

# INTERROGATORIES

**Interrogatory No.1:**  Identify all persons with knowledge of facts relating to the parties' claims and defenses and describe the facts known by each person, the subject matters of each person's knowledge, and the testimony you expect each person to provide, if any, at trial.

**OBJECTION AND RESPONSE:**
**Subject to the general objection, and without waiving the same, Plaintiffs respond as follows:**

a) Scott Tarlow (Success), CEO of Success Systems [general knowledge of allegations and defenses]
b) Francisco Robalino-Salazar (Success), Quality Assurance Manager, no longer with Success, direct contact with customers and CRS [general knowledge of allegations and defenses]
c) Drew Iorio (Success), Director of Development, direct contact with Shin Heung, CRS, and customers [general knowledge of allegations and defenses and technical aspects of allegations and defenses]
d) Greg Tejera (Success), Manager of Customer Services, interfaces with Customers and CRS, [general knowledge of allegations and defenses]
e) Cam Richards (Dandy Dan) [general knowledge of facts relevant to Dandy Dan]
f) Jan Holland (Smoke for Less) [general knowledge of facts relevant to Smoke for Less]
g) Travis Hamby (Discount Foods of Lenoir) [general knowledge of facts relevant to Discount Foods of Lenoir]
h) Tonya Looney (Sale Point) [general knowledge of facts relevant to Sale Point]
i) Reed Robertson (Sale Point) [general knowledge of facts relevant to Sale Point]
j) John Soderquist (CRS) [general knowledge of facts relevant to CRS]
k) Diane Voss (CRS) [general knowledge of facts relevant to CRS]
l) Troy Lachinski (CRS) [general knowledge of facts relevant to CRS]
m) Bruce Mann (CRS) [general knowledge of facts relevant to CRS]
n) Scott Pitman (CRS) [general knowledge of facts relevant to CRS]
o) Tom Bandy (Bandyworks) [general knowledge of facts relevant to Bandyworks]
p) David Riley (NBS Systems) [general knowledge of facts relevant to Bandyworks]
q) All CRS-USA dealers from 2019 to present, including Bandyworks, NBS Systems, Preferred Retail Systems, and other dealers as discovered.

**Interrogatory No.2:**  Describe all sales between you and your SAM4s Customers, including by identifying the date of each sale, the quantity and product numbers of the SAM4s you sold to each customer, the amount each customer paid you for the SAM4s, the amount each customer paid you for Smokin' Rebates, the amount you paid for the SAM4s sold to each customer, all communications, documents, agreements, and persons relating to each sale, and by stating whether each customer is still using the SAM4s and is still using Smokin' Rebates.

**OBJECTION AND RESPONSE:**

**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents records and summaries regarding Success' SAM4s customers including sales of units.  See specifically SSI_00139770-71, SSI_00139763-69 which have been produced to date.**

**Interrogatory No.3:**   Describe all of your SAM4s Customers who "stopped doing business" with you as alleged in Paragraph 32 of the Second Amended Complaint, including by identifying each customer, the dates each customer started and stopped doing business with you, the amounts of revenue and profit you earned annually from each customer's business with you, all complaints each customer made to you about the SAM4s or any of your software, programs, or applications (including Smokin' Rebates), and all communications, documents, agreements, and persons relating to each customer who stopped doing business with you.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents records and summaries regarding Success' SAM4s customers including the current dispositions of said customers and which customers stopped doing business and why.  See specifically SSI_00139770-71, SSI_00139763-69 which have been produced to date.**

**See also SSI—37, 40, 1008-10, 1020, 11108-11117, 11432-11440, 12344, 12682, 13607-08, 13609-15, 13619, 13663-65, 13675-76, 13677-79, 13684, 13686-91, 13695, 13699, 13702, 13708, 13723, 13726, 13731, 13768-803, 13875, 13877-87, 13893-953, 13967-75, 13977-85, 14887-901, 18301-312, 18319, 18364-72, 19678-80, 22951-70, 22989-95, 23007-15, 23021, 23024-31, 23043-48, 23072-95, 23108-09, 23123-24, 23136-41, 23169-76, 23196-210, 23220-47, 23257-58, 23399, 23471-513, 23522-41, 25022, 25044-45, 24245-63, 26170-71, 77816-17, 129645-50, 133770-86, 133791-803, 133809, 134730-61, 138298-302, 138419, 138586, 138902-03, 138922-24, 139141-43, 139753-54, 139760, 139763-69 which have been produced to date.**

**Interrogatory No.4:**   Describe all of your SAM4s Customers who were "shut down" as alleged in Paragraph 27 of the Second Amended Complaint, including by identifying the name and address of each such customer, the date each customer was shut down, the date each customer's operations resumed, and all communications, documents, and persons relating to each customer's shut down.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents records and summaries regarding Success' SAM4s customers including the current dispositions of said customers and which customers stopped doing business and why. See specifically SSI_00139770-71, SSI_00139763-69 which have been produced to date.**

**Interrogatory No.5:**   Describe all of your SAM4s Customers who made "complaints" and "continued to complain" to you as alleged in Paragraphs 34 and 35 of the Second Amended Complaint, including by identifying the name and address of each customer who has complained, the date each customer complained, all communications, documents, and persons relating to each customer's complaint, and by describing the nature of each customer's complaint.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents records and summaries regarding Success' SAM4s customers including the current dispositions of said customers and which customers stopped doing business and why and documents indicating customer complaints.**

**See SSI—37, 40, 1008-10, 1020, 11108-11117, 11432-11440, 12344, 12682, 13607-08, 13609-15, 13619, 13663-65, 13675-76, 13677-79, 13684, 13686-91, 13695, 13699, 13702, 13708, 13723, 13726, 13731, 13768-803, 13875, 13877-87, 13893-953, 13967-75, 13977-85, 14887-901, 18301-312, 18319, 18364-72, 19678-80, 22951-70, 22989-95, 23007-15, 23021, 23024-31, 23043-48, 23072-95, 23108-09, 23123-24, 23136-41, 23169-76, 23196-210, 23220-47, 23257-58, 23399, 23471-513, 23522-41, 25022, 25044-45, 24245-63, 26170-71, 77816-17, 129645-50, 133770-86, 133791-803, 133809, 134730-61, 138298-302, 138419, 138586, 138902-03, 138922-**

**24, 139141-43, 139753-54, 139760, 139763-69 which have been produced to date.**

**Interrogatory No.6:**   For all of the persons identified in your Answers to Interrogatory Nos. 3 to 5, describe all claims, demands, or requests for damages, refunds, or other payments in connection with the functionality, performance, or quality of the SAM4s, including by identifying the name and address of each person who made the claim, demand, or request, the date it was made, its amount, the date of your response, the amount of any payment by you, all communications and documents relating to the claims, demands, or requests, and by describing the claim, demand, or request and your response to each.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents records and summaries regarding Success' SAM4s customers including the current dispositions of said customers and which customers stopped doing business and why and documents indicating customer complaints.**

**See specifically SSI_00139770-71, SSI_00139763-69.**

**See also SSI—37, 40, 1008-10, 1020, 11108-11117, 11432-11440, 12344, 12682, 13607-08, 13609-15, 13619, 13663-65, 13675-76, 13677-79, 13684, 13686-91, 13695, 13699, 13702, 13708, 13723, 13726, 13731, 13768-803, 13875, 13877-87, 13893-953, 13967-75, 13977-85, 14887-901, 18301-312, 18319, 18364-72, 19678-80, 22951-70, 22989-95, 23007-15, 23021, 23024-31, 23043-48, 23072-95, 23108-09, 23123-24, 23136-41, 23169-76, 23196-210, 23220-47, 23257-58, 23399, 23471-513, 23522-41, 25022, 25044-45, 24245-63, 26170-71, 77816-17, 129645-50, 133770-86, 133791-803, 133809, 134730-61, 138298-302, 138419, 138586, 138902-03, 138922-24, 139141-43, 139753-54, 139760, 139763-69**

**Interrogatory No.7:**   Describe the "issues," "problems," and "errors" alleged in Paragraphs 18 and 33 to 39 of the Second Amended Complaint, including by identifying the dates you discovered and reported each issue, problem, or error to CRS, the name and address of each customer who reported each issue, problem, or error to you, all communications, documents, and persons relating to each issue, problem, or error, and by describing how each issue, problem, or error affected the functionality, performance, or quality of the SAM4s and any corrective actions you undertook as a result.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is**

irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:

Plaintiffs will provide in its production of documents, communications, and records regarding the issues, problems, and errors reported to CRS. Specifically see the following documents that have been produced:

SSI—37, 40, 1008-10, 1020, 11108-11117, 11432-11440, 12344, 12682, 13607-08, 13609-15, 13619, 13663-65, 13675-76, 13677-79, 13684, 13686-91, 13695, 13699, 13702, 13708, 13723, 13726, 13731, 13768-803, 13875, 13877-87, 13893-953, 13967-75, 13977-85, 14887-901, 18301-312, 18319, 18364-72, 19678-80, 22951-70, 22989-95, 23007-15, 23021, 23024-31, 23043-48, 23072-95, 23108-09, 23123-24, 23136-41, 23169-76, 23196-210, 23220-47, 23257-58, 23399, 23471-513, 23522-41, 25022, 25044-45, 24245-63, 26170-71, 77816-17, 129645-50, 133770-86, 133791-803, 133809, 134730-61, 138298-302, 138419, 138586, 138902-03, 138922-24, 139141-43, 139753-54, 139760, 139763-69

**Interrogatory No.8:** Describe the "investigations" you conducted as alleged in Paragraph 37 of the Second Amended Complaint and the "test findings" referenced in your email to Sale Point on April 1, 2021, including by describing the methods, assumptions, and results of each investigation and test you conducted, and by identifying the dates when you conducted each investigation and test, the persons who conducted each investigation and test, and all communications, documents, and persons relating to each investigation and test.

**OBJECTION AND RESPONSE:**
Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:

Plaintiffs will provide in its production of documents records regarding the investigations, including incident reports (IR sheets).

**Interrogatory No.9:** Describe each of the "over fifty (50) unique, confidential, proprietary changes" you allege you supplied to CRS or that CRS is using in Paragraphs 51 and 61 of the Second Amended Complaint, including by describing the purpose and nature of each change, identifying the date you supplied each change to CRS, the date CRS implemented each change, the version number of the SAM4s that first included each change, all communications, documents, and persons relating to each change, and the name, address, or location of each change in the SAM4s software, firmware, directory tree, source tree, library files, configuration files, database, or source code.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will provide in its production of documents a summary of the unique, proprietary changes as referenced in the Second Amended Complaint. See document Bates stamped SSI_00139772 as produced.**

**Interrogatory No.10:** Describe all of the "Confidential Information" you allege you supplied to CRS in Paragraphs 51 and 91 of the Second Amended Complaint, including by describing the nature and purpose of each piece of "Confidential Information," by identifying the date you supplied each piece of "Confidential Information" to CRS, the name and addresses of each person who sent and received each piece of "Confidential Information," all communications transmitting each piece of "Confidential Information" to CRS, and all documents containing the "Confidential Information" that you sent to CRS.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**See document Bates stamped SSI_00139772 as produced.**

**Interrogatory No.11:** Describe all facts supporting your contention that your "Confidential Information" was misappropriated, misused, transferred, or not returned, destroyed, or removed as alleged in Paragraphs 61 to 65, 82, and 92 to 94 of the Second Amended Complaint, including by identifying all documents and communications supporting your contention, each piece of "Confidential Information" that you contend was misappropriated, misused, transferred, 9 or not returned, destroyed, or removed, the persons or "third-party" who did so, when they did so, and by describing how they did so.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs refer CRS to its allegations in the Second Amended Complaint and document Bates stamped SSI_00139772 as produced.**

**Interrogatory No.12:** Describe the "third-party" alleged in Paragraphs 63 and 64 of the Second Amended Complaint, including by identifying each piece of "Confidential Information" the third-party who misused it, the name and address of each person who misused it, when they did so, and by describing how they did so.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**The third parties include but are not limited to Bandyworks of 803 Lakewood Dr., Colonial Heights, VA 23834.  At the time of this response, Plaintiffs does not have the details or the specifics of other third parties.  Plaintiffs will not have the specifics of the other requested information until it has obtained relevant discovery from CRS and Bandyworks and any other relevant third-parties.**

**Interrogatory No.13:** Describe the "telephone and Skype calls" alleged in Paragraph 55 of the Second Amended Complaint, including by identifying the dates of each call, the persons who participated in each call, the "data, quality testing documentation, design, and versions of the Software" exchanged during each call, and all documents and communications relating to each call.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will produce Skype records in their possession and will produce documents referencing and related to Skype and telephone calls.**

**Interrogatory No.14:** Describe "the unfair and deceptive business practices of CRS" alleged in Paragraph 112 of the Second Amended Complaint, including by identifying all documents and communications relating to each practice, the persons who engaged in each practice, the date each practice occurred, by describing how each practice was unfair, deceptive, and offended public policy.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and**

**vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs refer CRS to its allegations in the Second Amended Complaint, specifically the allegations in paragraphs 40-65 which describe CRS' misappropriation of Plaintiff's trade secrets. Plaintiffs will also produce documents and communications supporting its allegations.**

**Interrogatory No.15:** Describe your alleged damages for each of Counts Three to Five and Seven of the Second Amended Complaint and your efforts to mitigate them, including by providing an itemization of your damages claim, any alleged damages calculations, by describing the methodology you used to compute them, by identifying their category or type, the amount of each category or type, the date you undertook efforts to mitigate them, the persons who undertook the efforts, the amount you mitigated, all persons with knowledge of facts supporting your alleged damages, and all documents and communications supporting your alleged damages.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs refer CRS to its allegations in the Second Amended Complaint. Plaintiffs also refer CRS to its Initial Disclosures. Plaintiffs will also produce a damages analysis in accordance with the operative scheduling order in this case. Plaintiffs also anticipate producing and expert report regarding damages. Plaintiffs will also produce documents and communications supporting its damages allegations.**

**Interrogatory No.16:** Describe all of the persons to whom you sent your email on February 23, 2021 stating that your "technology is embedded" in the SAM4s, including by identifying their name, employer, any business name, home address, telephone number, email address, and all documents and communications relating to your email and any responses you received.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs will produce records of said email sent February 23, 2021 in its possession.**

**Interrogatory No.17:** Describe the "technology" that you stated was "embedded" in the SAM4s in your email dated February 23, 2021, including by identifying all documents and communications 10 relating to your embedded technology, the type of technology, the date you developed it, the date it was embedded in the SAM4s, the persons who embedded it, and by describing how it was embedded, the functionality it provided, and your copyright or intellectual property interest in it.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs refer CRS to its allegations in the Second Amended Complaint. Plaintiffs will also produce documents and communications supporting its claims regarding the misappropriation of its trade secrets and confidential information. See document Bates stamped SSI_00139772 as produced which describes the referenced technology.**

**Interrogatory No.18:** Describe all lawsuits, arbitrations, or other legal proceedings in which you have alleged another person misappropriated, misused, transferred, or failed to return, destroy, or remove your confidential or trade secret information, including the "BS lawsuit" referenced in your email to NBS on February 25, 2021 and the "dust up" and case referenced in your emails to CRS and Sale Point on May 26, 2021 and June 2 and 4, 2021, and by identifying the date each was commenced and resolved, the parties, the venue and forum, the case or court file number, and by describing the outcome.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**Plaintiffs refer CRS to the dockets of the various state and federal courts, which are accessible and available to the public, including:**

*Success v. Excentus Corporation, et al., District of Connecticut*, **No. 3:19-cv-455 (VAB)**

*The Nielsen Company (US), LLC v. Success Systems, Inc.*, **U.S.D.C., Southern District of New York, No. 11cv2939-FM**

**Interrogatory No.19:** Describe all facts supporting each of your affirmative defenses, including by identifying the "officers and employees" who "defamed and disparaged Success," the date they did so, how they did so, what they stated, the persons to whom they made the alleged

statements, the name and address of each person who possesses facts in support of each affirmative defense, the date of each fact in support of your affirmative defense, any other party with knowledge or information with respect to your alleged affirmative defense, and by describing any other conduct by CRS and any other bases supporting each affirmative defense.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**With respect to Affirmative Defense #1:  CRS defamed Plaintiffs to third parties on several occasions, including but not limited to statements made by Dave Sanders of CRS to Jim Green of Midwest Independent retail association, on or about November 21, 2021 making derogatory and inflammatory statements regarding the functionality of Plaintiffs products and the character of Plaintiffs officers and employees.  Also including but not limited to correspondence between CRS and its distributors and dealer on or about February 25, 2021.  At the time of this response, Plaintiff does not have the details or the specifics of other instances of defamation and disparagement but will supplement this response if it identifies any other responsive information.**

**Interrogatory No.20:** For each of your responses to CRS's Requests for Admission that is not an unqualified admission, identify the number of the request for admission and describe all facts upon which you base your denial, identify the persons who have knowledge of those facts, and all documents and communications relating to those facts.

**OBJECTION AND RESPONSE:**
**Plaintiffs object to this interrogatory because it is overly broad, unduly burdensome, and vague. Plaintiffs further object to this interrogatory because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, and without waiving the same, Plaintiffs respond as follows:**

**See responses to Requests for Admissions and the following additional information:**

**3. There was never any formal offer that could be accepted by Plaintiffs**

**8.  CRS and Shin Heung made modifications and changes to the NDA**

**13.  Success authored critical portions of the referenced code.  See document Bates stamped SSI_00139772 as produced.**

**14.  Nothing further required:**

**15. Nothing further required**

**16. Success authored critical portions of the referenced code. See document Bates stamped SSI_00139772 as produced.**

**17. Deny that Shin Heung authored the code as referenced in this request as Success authored much of this code. See document Bates stamped SSI_00139772 as produced.**

**18. Plaintiffs sent CRS and Shin Heung portions of Smokin' Rebates Code in order to facilitate CRS's and Shin Heung's integration of Smokin' Rebates into the SAM4s software.**

**19. Smokin' Rebates is a registered service that compromises multiple layers including a robust customer service support function, onboarding activities, administrative functions, and technical support, data integrity validations.**

**20. Admit that Smokin' Rebates sometimes uses an application programming interface to connect with end-user point-of-sale systems, but deny that Smokin' Rebates uses an application programming interface to connect to all end-user point-of-sale systems as Success uses direct, native integration with some customers.**

**21. Admit that Smokin' Rebates sometimes uses an application programming interface to connect with end-user point-of-sale systems, but deny that Smokin' Rebates uses an application programming interface to connect to all end-user point-of-sale systems as Success uses direct, native integration with some customers.**

**29. Success believes that SAM4s use and API to connect to Bandyworks and other tobacco rebate or loyalty reporting programs.**

**30. We have reason to believe that they did not and that it is still integrated in the current firmware as alleged in the Second Amended Complaint.**

*Plaintiffs*,

*/s/ Nathan Zezula*
NATHAN C. ZEZULA
nzezula@lmzlegal.com
MOTT ZEZULA LLC
750 East Main Street
Suite 620

Stamford, CT 06902
(203) 408-6500 (tel.)
(203) 724-4179 (fax)

I, Scott Tarlow, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Scott Tarlow

Subscribed and sworn to before me this __27__ day of __June__, 2022.

_____
Notary Public/
Commissioner of the Superior Court