# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

---

SUCCESS SYSTEMS, INC., and
SMART C-STORES, LLC

                           Plaintiffs,

vs.                                        CASE NO. 3:21-CV-1391-AVC

CRS, INC.; SALE POINT, INC., D/B/A
LONGINO DISTRIBUTING, INC.; AND
SHIN HEUNG PRECISION CO., LETD

                           Defendants.

---

**PLAINTIFFS SUCCESS SYSTEM, INC'S AND SMART C-STORES, LLC**
**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF**
**DOCUMENTS**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Success

Systems, Inc. and Smart C-Stores, LLC ("Plaintiffs") hereby responds to Defendant CRS's First

Set of Document Production Requests as follows:

**<u>GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION</u>**

      **1.**     **Plaintiffs object to Defendant's instructions and definitions to the extent that**

**they impose burdens beyond the permissible scope of discovery authorized by the Federal**

**Rules of Civil Procedure.**

      **2.**     **Plaintiffs object to Defendant's Requests for Production to the extent that**

**they purport to seek information that is publicly available or that is as readily available to**

**Defendant as it is to Plaintiffs.**

3.      Plaintiffs object to Defendant's Requests for Production to the extent that they seek information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiffs object to Defendant's Requests for Production to the extent that they seek information not limited in timeframe or scope and, therefore, are overly broad and unduly burdensome in that they bear no relationship to the time period relevant to the issues in this litigation.

5.      Plaintiffs objects to Defendant's Requests for Production to the extent that they seek information protected from discovery by the attorney-client privilege, the work product privilege or any other applicable privilege.

6.      Plaintiffs' decision to provide responses to any request for production notwithstanding the objectionable nature of any of the requests, should not be construed as a waiver of any of these General Objections or as a waiver of these General Objections as a whole.


Subject to the foregoing objections, Plaintiffs respond to these Requests for the Production of Documents to the best of its present knowledge, information and belief, and based on its continuing investigation of the matters that are the subject of this litigation.  The Plaintiffs reserve the right to make any use of information not known to exist at this time, including, but not limited to, information obtained in discovery herein.  Therefore, the Plaintiffs respond to these Requests for Production based on information presently available to it through reasonable, diligent inquiry.  Discovery is continuing, and the Plaintiffs reserve the right to supplement its responses to these Request for the Production of Documents.

## REQUESTS FOR PRODUCTION

**Request No.1:**          All documents you used, relied upon, referred to, or identified in answering CRS's Interrogatories.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.2:**          All documents you identified or described in your initial disclosures under Fed. R. Civ. P. 26(a).

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.3:**          All documents relating to the parties' claims and defenses in this lawsuit, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and related demands, your allegations of misuse, misappropriation, transfer, or failure to 8 return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.4:**          All communications between you and any persons relating to the parties' claims and defenses, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and related demands, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.5:**      All communications between you and any persons identified in your initial disclosures under Fed. R. Civ. P. 26(a) or your Answer to Interrogatory No. 1 relating to the parties' claims and defenses, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and related demands, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.6:**      All communications between you and your employees or independent contractors relating to the parties' claims and defenses, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and related demands, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.7:**      All communications between you and CRS relating to the parties' claims and defenses, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and

related demands, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.8:** All communications between you and Shin Heung relating to the parties' claims and defenses, including the alleged partnership between you, CRS, and Shin Heung, the negotiation, performance, and alleged breach of the NDA, your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your alleged supply or exchange of confidential or trade secret information with CRS or Shin Heung and related demands, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.9:** All communications between you and Sale Point relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.10:** All communications between you and NBS relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation,

transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or 10 problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.11:**      All communications between you and Bakersfield Retail relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.12:**      All communications between you and CRS's distributors, resellers, or end users of the SAM4s relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.13:**      All communications between you and your SAM4s Customers relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.14:**          All communications between you and the persons identified in your answers to Interrogatory Nos. 3 to 5 relating to the parties' claims and defenses, including your purchases and sales of the SAM4s and related licenses, your SAM4s Customers' use of the SAM4s and their business with you, integration of Smokin' Rebates with the SAM4s and related development, your allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information, your threats of litigation, and any issues, errors, defects, or problems affecting the development, testing, 11 implementation, integration, performance, functionality, operation, or use of Smokin' Rebates or the SAM4s.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.15:**          All documents relating to any agreements between you and your SAM4s Customers, including the "agreements" alleged in Paragraphs 13 to 15 and 31 of the Second Amended Complaint and any other contracts, service agreements, end-user license agreements, web services agreements, warranty agreements, licenses, orders, invoices, and all communications relating to them, their negotiation, performance, or alleged breach.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, the subject of confidentiality provisions, and not calculated to lead to the discovery of admissible evidence.**

**Request No.16:**          All communications between you and any persons who manufacture, develop, or distribute point-of-sale systems, terminals, or platforms that are compatible with Smokin' Rebates or with whom you have an agreement to integrate or offer Smokin' Rebates relating to the parties' claims and defenses, including any confidential or trade secret information you provided to them for the purpose of integrating or offering Smokin' Rebates with their point-of-sale systems, terminals, or platforms, and any allegations of misuse, misappropriation, transfer, or failure to return, destroy, or remove your confidential or trade secret information.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Plaintiffs object as this request is not limited by time or scope.  Plaintiffs also object on the basis that the relationships at issues are protected by NDAs.  Subject to the objections, and without waiving the same, Plaintiffs will provide a list of point-of-sale systems with which it has successfully integrated the Smokin' Rebates products.**

**Request No.17:**        All documents relating to any agreements between you and any persons who manufacture, develop, or distribute point-of-sale systems, terminals, or platforms that are compatible with Smokin' Rebates or with whom you have an agreement to integrate or offer Smokin' Rebates, including any agreements providing for confidentiality or nondisclosure of information, service agreements, end-user license agreements, web services agreements, warranty agreements, licenses, or any other contracts.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Plaintiff objects as this request is not limited by time or scope.  Plaintiffs also object on the basis that the relationships at issues are protected by NDAs and on the basis that this request is not calculated to lead to the discovery of admissible evidence.**

**Request No.18:**        All documents relating to any claims, demands, or requests for damages, refunds, or other payments by your SAM4s Customers and the persons you identified in your answers to Interrogatory Nos. 3 to 5 relating to the functionality, performance, or quality of the SAM4s, including all communications, agreements, service agreements, end-user license agreements, web services agreements, warranty agreements, licenses, orders, invoices, or other contracts and financial records, account statements, transaction records, proof of payments, bank or wire transfers, returned checks, and deposit statements evidencing your payments of their claims, demands, or requests.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.19:**        All documents relating to any agreements between you and Sale Point, including the "agreements documented with invoices and memorialized with numerous confirmatory writings" alleged in Paragraph 31 of the Second Amended Complaint and any other 12 contracts, service agreements, warranty agreements, licenses, orders, invoices, and all communications relating to them, their negotiation, performance, or alleged breach.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.20:**        All documents relating to any agreements between you and CRS, including the "partnership" alleged in Paragraph 11 of the Second Amended Complaint, any nondisclosure agreements, confidentiality agreements, contracts, service agreements, warranty

agreements, licenses, orders, invoices, and all communications relating to them, their negotiation, performance, or alleged breach.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.21:** All documents relating to any agreements between you and Shin Heung, including the "partnership" alleged in Paragraph 11 of the Second Amended Complaint, any nondisclosure agreements, confidentiality agreements, contracts, service agreements, warranty agreements, licenses, orders, invoices, and all communications relating to them, their negotiation, performance, or alleged breach.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.22:** All documents relating to the NDA, including any amendments, modifications, supplements, novations, drafts, executed versions, and all communications relating to them, their negotiation, performance, and any alleged breach.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.23:** All documents relating to the "issues," "problems," "errors," and "list of issues" alleged in Paragraphs 18 and 33 to 39 of the Second Amended Complaint, including all communications reporting them and any databases, logs, tickets, root cause analysis, reproductions of issues, reports, status updates, or other documents evidencing, testing, analyzing, evaluating, troubleshooting, or discussing them.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.24:** All documents relating to the "logic error(s)," "defect," and lack of "function" referenced in your emails to Sale Point on May 25 and 26, 2021 and June 2, 4, 10, 18, and 24, 2021, including all communications reporting them and any databases, logs, tickets, root cause analysis, reproductions of issues, reports, status updates, or other documents evidencing, testing, analyzing, evaluating, troubleshooting, or discussing them.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving**

the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.

**Request No.25:**      All documents relating to the "unresolved SAM4s software issues" referenced in your letter and email to Vishat, Inc. d/b/a Hometown Food & Liquor on July 23, and 29, 2021, including all communications reporting them and any databases, logs, tickets, root cause analysis, reproductions of issues, reports, status updates, or other documents evidencing, testing, analyzing, evaluating, troubleshooting, or discussing them.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.26:**      All documents relating to the "investigations" you conducted as alleged in Paragraph 37 of the Second Amended Complaint and the "test findings" referenced in your email to Sale Point on April 1, 2021, including all communications relating to them and any user acceptance testing, test plans or protocols, validation or acceptance criteria, databases, logs, reports, analysis, opinions, results, and other records of any issues affecting the development, testing, implementation, integration, performance, functionality, operation or use of the SAM4s that was discovered, reported, logged, or ticketed during your investigations and tests.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.27:**      All documents relating to the "over fifty (50) unique, confidential, proprietary changes" you allege you supplied to CRS or that CRS is using in Paragraphs 51 and 61 of the Second Amended Complaint, including all documents or communications containing, identifying, describing, constituting, designating, or transmitting the changes.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.28:**      All documents relating to the "Confidential Information" you allege you supplied to CRS in Paragraphs 51 and 91 of the Second Amended Complaint, including all documents or communications containing, identifying, describing, constituting, designating, or transmitting your "Confidential Information."

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control,**

**if any, will be produced.**

**Request No.29:**        All documents relating to the efforts by you, CRS, and Shin Heung "to develop the code, integrate Smokin' Rebates into the SAM4s software, and improve upon the original version" alleged in Paragraph 49 of the Second Amended Complaint, including the code, applications, programs, versions, or software that was developed, all documents exchanged in connection with such efforts, and all communications relating to such efforts.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.30:**        All documents relating to the "SAM4s 630/6600 Software and multiple versions and software revisions" and "data and code" you allege was developed and exchanged in Paragraphs 54 and 55 of the Second Amended Complaint, including all communications transmitting the software, data, and code and all versions and revisions of the software, data, and code that were developed, sent, received, or exchanged.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.31:**        All documents relating to the "telephone and Skype calls" alleged in Paragraph 55 of the Second Amended Complaint, including all recordings, meeting invites, chat logs, and documents shared, sent, received, or exchanged during the calls.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.32:**        All documents relating to the "back office coding" you stated that you performed in your email to CRS on June 14, 2020, including the source code, source code control system files, software configuration management files, version tracker files, program files, library files, configuration files, and compiling files that you coded, and all communications relating to the coding.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.33:**        Your software, programs, or applications for Smokin' Rebates, including their source code, source code control system files, software configuration management files, version tracker files, program files, library files, configuration files, and compiling files.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, contains trade secrets and other highly confidential information, and is not calculated to lead to the discovery of admissible evidence.**

**Request No.34:**        All documents relating to any project management, collaboration, development, or issue tracking software, tools, applications, programs, or products you used to provide, develop, create, test, integrate, implement, troubleshoot, administer, or manage Smokin' Rebates, such as Jira, Slack, Trello, Gitlab, Basecamp, Asana, MS Project, Wrike, Salesforce, SharePoint, or the like, including exports, reports, logs, databases, and channel records of any communications, messages, conversations, notes, posts, files, comments, action items, events, or other data relating to the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, contains trade secrets and other highly confidential information, and is not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Plaintiffs will produce test sheets and related documents.**

**Request No.35:**        All documents relating to the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates, including agile project materials, product roadmaps, acceptance criteria, development sprints, user stories, backlogs, burn down charts, use cases, root cause analysis, product requirement documents, design and architecture documents, testing, all other similar user experience design documentation, and all communications relating to them.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, contains trade secrets and other highly confidential information, and not calculated to lead to the discovery of admissible.  Notwithstanding these objections, Plaintiffs will produce test sheets and related documents.**

**Request No.36:**        All documents relating to project management, project planning, and process documentation for the development, testing, implementation, integration, performance, functionality, operation, or use of Smokin' Rebates, including go live checklists, needs analysis, project tracking documents, deployment processes, protocols, plans, reports, metrics, working papers, standards, schedules, milestones, resource allocations, work estimates, work assignments, planning meetings, adjustments thereto, and all communications relating to them.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, contains trade secrets and other highly confidential information, and not calculated to lead to the discovery of admissible.  Notwithstanding these objections, Plaintiffs will produce test sheets and related documents.**

**Request No.37:**        All documents relating to the user manuals for Smokin' Rebates, including drafts, manuals, user guides, training materials, instructions, guidelines, recommendations, frequently asked questions, knowledge base materials, troubleshooting assistance, online support, and all communications relating to them.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.38:**        All documents relating to errors, defects, bugs, tickets, or other issues, regardless of current status affecting the development, testing, implementation, performance, functionality, operation, use, or integration of the SAM4s with Smokin' Rebates, including all issues identified in your Answer to Interrogatory No. 7, and all databases, logs, communications, root cause analysis, reproductions of issues, reports, status updates, or other documents evidencing, testing, analyzing, evaluating, troubleshooting, or discussing them or comprising your incident database relating to them and all communications relating to the errors, defects, bugs, tickets, or other issues.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.39:**        All documents relating to any testing of the integration, connection, compatibility, or use of the SAM4s with Smokin' Rebates, including user acceptance testing, test plans or protocols, validation or acceptance criteria, records of any issues affecting the development, testing, implementation, performance, functionality, operation, use, or integration of the SAM4s with Smokin' Rebates that was discovered, reported, logged, or ticketed during testing, and all communications relating to them.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.40:**        All documents relating to your email titled "Success Systems, Announces Availability of Smokin RebatesR for SAM4S 630/6600 information" on February 23, 2021, including all drafts, sent copies, distribution lists, and communications relating to the email.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without**

waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.

**Request No.41:**        All documents relating to your advertisement, marketing, sales, distribution, and product materials for Smokin' Rebates that mention or refer to its integration, use, compatibility with the SAM4s, including website pages, videos, news posts, blog posts, event and trade show materials, white papers, podcasts, case studies, slide presentations, advertisements, proposals, return on investment analysis, competitive analysis, product planning information, brochures, feature lists, and all communications relating to them.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome and unlikely re result in the discovery of admissible evidence.**

**Request No.42:**        All documents relating to any payments made by you to Sale Point, CRS, or Shin Heung, including orders, invoices, financial records, account statements, transaction records, proof of payments, bank or wire transfers, returned checks, and deposit statements.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome and the requested documents are already in the possession of Defendants.**

**Request No.43:**        All documents relating to any payments made by you to your SAM4s Customers, including orders, invoices, financial records, account statements, transaction records, proof of payments, bank or wire transfers, returned checks, and deposit statements.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.44:**        All documents relating to any payments made by your SAM4s Customers to you, including orders, invoices, financial records, account statements, transaction records, proof of payments, bank or wire transfers, returned checks, and deposit statements.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome and is not calculated to lead to the discovery of admissible evidence.**

**Request No.45:**        All documents relating to your financial records for Smokin' Rebates, including account statements, balance sheets, income statements, statements of operations, statements of cash flows, profit and loss statements, earning statements, statements of changes in

equity, budgets, projections or forecasts of revenue, income, earnings, growth, profits, expenses, costs, depreciation, losses, or any other financial statements, as well as any analysis, reports, records, valuation reports, opinions, estimates, market analysis, sales comparisons, or any other documents used to determine the value of Smokin' Rebates.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome, contains trade secrets and other highly confidential information, and is not calculated to lead to the discovery of admissible evidence.**

**Request No.46:**      All documents relating to your alleged damages, including any itemization or calculation of your alleged damages, your efforts to mitigate your alleged damages, and all communications relating to them.

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.47:**      All documents relating to the lawsuits, arbitrations, or other legal proceedings identified in your answer to Interrogatory No. 18, including all pleadings, correspondence, written discovery, document productions, transcripts of deposition or trial testimony, motions, memoranda, witness and exhibit lists, order, judgments, and settlement agreements.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome and is not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Plaintiff refers CRS to the public records of said legal proceedings.**

**Request No.48:**      All documents relating to any statements under Fed. R. Civ. P. 26(b)(3)(C).

**OBJECTION AND RESPONSE: Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.49:**      All documents relating to your efforts to mitigate your alleged damages in this case.

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Subject to the general objections, and without waiving the same, responsive non-privileged documents in Plaintiffs' possession or control, if any, will be produced.**

**Request No.50:**        All documents relating to any expert testimony you may offer at trial, including written reports under Fed. R. Civ. P. 26(b)(2)(B).

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Plaintiffs also object to this request as premature. Documents related to expert testimony will be produced in accordance with the Federal Rules of Civil Procedure and the operative scheduling order in this case.**


**Request No.51:**        All documents relating to any exhibits you may offer in depositions or at trial, including any demonstrative exhibits and summaries of other evidence

**OBJECTION AND RESPONSE: Plaintiffs object to this document request because it is overly broad and unduly burdensome. Plaintiffs also object to this request as premature. Exhibits for depositions or trial will be produced in accordance with the Federal Rules of Civil Procedure and the operative scheduling order in this case.**


*Plaintiffs*,


*/s/ Nathan Zezula*
NATHAN C. ZEZULA
nzezula@lmzlegal.com
MOTT ZEZULA LLC
750 East Main Street
Suite 620
Stamford, CT 06902
(203) 408-6500 (tel.)
(203) 724-4179 (fax)