# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

SUCCESS SYSTEMS, INC., and
SMART C-STORES, LLC

                           Plaintiffs,

vs.                                                                                             CASE NO. 3:21-CV-1391-AVC

CRS, INC.; SALE POINT, INC., D/B/A
LONGINO DISTRIBUTING, INC.; AND
SHIN HEUNG PRECISION CO., LETD

                           Defendants.

## PLAINTIFFS SUCCESS SYSTEMS, INC. AND SMART C-STORES, LLC RESPONSES TO REQUESTS TO ADMIT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs Success Systems, Inc. and Smart C-Stores, LLC ("Plaintiffs") hereby respond to Defendant CRS Incorporated's First Set of Requests for Admissions as follows:

### Preliminary Statement

Success Systems, Inc. and Smart C-Stores, LLC makes the Responses set forth herein based solely on their knowledge, understanding and belief as to the facts and information available to it as of the date of these Responses. While Success Systems, Inc. and Smart C-Stores, LLC have made reasonable inquiry, additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. The Responses, therefore, are made without prejudice to Success Systems, Inc. and Smart C-Stores, LLC's right pursuant to FRCP 36(b) to amend or withdraw an admission, or to provide subsequently discovered

information and to introduce such subsequently discovered information at the time of any hearing or trial in this action.

Success Systems, Inc. and Smart C-Stores, LLC do not waive any objection, whether made in these Responses or any other pleading, nor do they waive any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to the Requests. Success Systems, Inc. and Smart C-Stores, LLC provides their initial responses to the Defendant's Requests for Admission as set forth below.

## REQUESTS FOR ADMISSION

**Request No. 1:** Admit that you did not provide your SAM4s Customers with any express or implied warranties about the functionality, performance, or quality of the SAM4s.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 2:** Admit that you did not pay any refunds, claims, demands, or requests for damages to your SAM4s Customers.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny**

**Request No.3:** Admit that you rejected CRS's offer to buy back the SAM4s alleged in Paragraph 13 to 16 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny that any formal offer to buy back the SAM4s was ever received.**

**Request No. 4:**    Admit that you refused to install free-of-charge 90-day licenses for the SAM4s on behalf of your SAM4s Customers on June 29, 2021.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 5:**    Admit that you asked CRS to sell you one-year to lifetime licenses for the SAM4s on behalf of your SAM4s Customers on June 29, 2021.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 6:**    Admit that you offered to pay CRS for 30-day license renewals on behalf of your SAM4s Customers on February 18, 2022.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 7:**    Admit that you drafted the NDA.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 8:**    Admit that neither CRS nor Shin Heung drafted the NDA.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny, in that CRS and/or Shin Heung drafted portions of the NDA.**

**Request No. 9:**    Admit that the NDA does not define Shin Heung as the "Recipient."

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit that Shin Heung is not defined as a "Recipient" but would rather fall into the category of an "Associated Persons."**

**Request No. 10:** Admit that you did not provide Shin Heung with a copy of the NDA.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 11:** Admit that you did not ask or instruct Shin Heung to review the NDA.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 12:** Admit that you did not ask or instruct Shin Heung to agree to be bound by the NDA.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 13:** Admit that you did not author, write, or modify any software code for the "fifty (50) unique, confidential, proprietary changes" to the SAM4s alleged in Paragraph 51 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

 **Deny**

**Request No. 14:** Admit that you intended Shin Heung to receive your "proprietary and confidential trade secrets" as alleged in Paragraph 48 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny that we intended anything other than that Shin Heung was going to benefit as a result and we were aware that CRS was treating Shin Heung as an associated person under the NDA.**

**Request No. 15:** Admit that you consented to Shin Heung's receipt of your "Confidential Information" defined and alleged in Paragraphs 51 and 56 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny, but admit that based on our understanding that Shin Heung was being treated as an Associated Person under the NDA.**

**Request No. 16:** Admit that you did not author or write the software code for the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny**

**Request No. 17:** Admit that Shin Heung authored and wrote the software code for the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny that Shin Heung authored the code as referenced in this request.**

**Request No. 18:** Admit that you did not send any software code for Smokin' Rebates to CRS or Shin Heung.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny**

**Request No. 19:** Admit that Smokin' Rebates is a cloud-based system.

**RESPONSE:**

**Plaintiff responds as follows:**

**Deny that the entirety of Smokin' Rebates is cloud-based**

**Request No. 20:** Admit that Smokin' Rebates uses an application programming interface to connect with end-user point-of-sale systems.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny that Smokin' Rebates uses an application programming interface to connect to all end-user point-of-sale systems.**

**Request No. 21:** Admit that end-user point-of-sale systems cannot connect to Smokin' Rebates without using an application programming interface.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny**

**Request No. 22:** Admit that the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint used an application programming interface to connect the SAM4s with Smokin' Rebates.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 23:** Admit that end-user point-of-sale systems cannot connect to Smokin' Rebates without your knowledge and consent.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 24:** Admit that the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint does not allow end-user point-of-sale systems to connect to Smokin' Rebates without your knowledge and consent.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 25:** **A**dmit that you have the ability to control whether end-user point-of-sale systems can connect to Smokin' Rebates.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 26:** Admit that you are not allowing any end-user point-of-sale systems to use the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint to connect to Smokin' Rebates without your knowledge and consent

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 27:** Admit that no end-user point-of-sale systems are connecting to Smokin' Rebates without your knowledge and consent.

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 28:** Admit that no end-user point-of-sale systems are using the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint to connect to Smokin' Rebates without your knowledge and consent

**RESPONSE:**
**Plaintiff responds as follows:**

**Admit**

**Request No. 29:** Admit that the SAM4s do not use an application programming interface to connect to any tobacco rebate or loyalty reporting programs other than Smokin' Rebates.

**RESPONSE:**
**Plaintiff responds as follows:**

**Deny**


**Request No. 30:** Admit that Shin Heung deleted the "Software" defined and alleged in Paragraphs 40, 45, and 57 of the Second Amended Complaint from the current firmware and software versions of the SAM4s.

**RESPONSE:**
**Plaintiff responds as follows:**


**Deny**


*Plaintiffs*,

*/s/ Nathan Zezula*
NATHAN C. ZEZULA
nzezula@lmzlegal.com
MOTT ZEZULA LLC
750 East Main Street
Suite 620
Stamford, CT 06902
(203) 408-6500 (tel.)
(203) 724-4179 (fax)