# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

SUCCESS SYSTEMS, INC., and
SMART C-STORES, LLC

                         Plaintiffs,

vs.                                           CASE NO. 3:21-CV-1391-AVC

CRS, INC.; SALE POINT, INC., D/B/A
LONGINO DISTRIBUTING, INC.; AND
SHIN HEUNG PRECISION CO., LTD

                         Defendants.

**DEFENDANT CRS'S RESPONSES TO PLAINTIFFS' FIRST SET OF**
**DOCUMENT PRODUCTION REQUESTS**

Defendant CRS, Inc. ("CRS") objects and answers Success Systems, Inc. and Smart C-Stores, LLC's (collectively "Plaintiffs" or "Success") First Set of Requests for Production to Defendant as follows:

**GENERAL OBJECTIONS**

1.      These general objections apply to each and every request for production propounded by Plaintiffs in this action. These general objections are incorporated by reference into each of CRS's responses and are therefore subject to and limited by these general objections.

2.      CRS has not concluded its investigation of the facts relating to Success's requests for production. Accordingly, there may be documents responsive to Success's requests for production that CRS does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following objections and responses are therefore based only on such information and documents that are currently known or available to CRS after a reasonable inquiry. Upon further

investigation, CRS reserves the right to alter, amend, or supplement any facts or information set forth in the following responses.

3.      CRS reserves the right to produce any subsequently discovered document, to alter or amend its objections and responses set forth herein, and otherwise assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. CRS objects to each request for production insofar as it may be construed as limiting or restricting its right to rely upon any information or document for any purpose whatsoever, including but not limited to the use of information or documents as evidence in any subsequent hearing, trial, or other proceeding.

4.      Nothing contained herein shall be construed as an admission by CRS as to the existence or nonexistence of any information or documents, and no response shall be construed as an admission as to the relevance or admissibility of any information or document, or the truth or accuracy of any statement or characterization contained in any of the requests for production.

5.      CRS has made reasonable efforts to respond to each request for production to the extent that it understands and interprets the request and no objection has been made. If Success subsequently asserts any interpretation of any request that differs from CRS's interpretation, it reserves the right to supplement its objections and responses based on Success's subsequently asserted interpretation.

6.      CRS objects to the requests for production to the extent that they seek information of "every," "any," or "all" documents on a particular topic when documents sufficient to establish the facts relating to that topic would suffice, on the grounds that any further response is not only unduly burdensome, but cumulative.

7.     CRS objects to the requests for production to the extent that they are overly broad and any attempt to respond would be unduly burdensome, oppressive, or harassing.

8.     CRS objects to the requests for production to the extent that they seek documents or information that are irrelevant to any party's claims or defenses or disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.     CRS objects to the requests for production to the extent that they seek documents that are already in the possession, custody, or control of Success or its directors, officers, employees, agents, or to which Success otherwise has equal access.

10.     CRS objects to the requests for production to the extent that they seek documents or information that are solely within the possession, custody, or control of one or more third parties not within the definition of "CRS" or "Parties."

11.     CRS objects to the requests for production to the extent that they seek information or documents protected by the attorney-client privilege or the work product doctrine, or to the extent that such requests seek information or documents otherwise immune from discovery under any applicable rule or privilege. Such information or documents shall not be provided in response to the requests, and any inadvertent production or disclosure thereof shall not be deemed a waiver of any privilege or work product immunity.

12.     CRS objects to the requests for production to the extent that they purport to impose obligations to respond to the requests beyond the obligations required by an applicable rule or law.

13.     CRS objects to the requests for production to the extent that they seek the production of documents that are proprietary, confidential, or include trade secret information without the protections of a confidentiality agreement or protective order.

14.     CRS objects to the requests for production to the extent that they seek the production of documents that that are proprietary, confidential, or include trade secret information, or are subject to the provisions of a confidentiality or non-disclosure agreement, including with BandyWorks. Pursuant to *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2012 WL 3113162 at *1 (D. Conn. July 31, 2012), CRS will not produce any such documents or information unless and until Success satisfies its obligation to produce "a description that defines with reasonable specificity the alleged trade secrets which form the basis" for its claims, including by providing complete answers to CRS's Interrogatory Nos. 9 to 12 and 17.

15.     CRS objects to the requests for production to the extent that they are vague, ambiguous, or confusing. When attempting to respond to a vague, ambiguous, or confusing request, CRS will respond in accordance with its interpretation of what the request seeks.

16.     CRS will search for information and documents responsive to the requests for production in those places where it knows or reasonably expects such documents to exist. CRS objects to the requests for production to the extent that they purport to impose an unreasonable burden to examine each and every document in CRS's possession, custody, or control or to interview each and every person who might conceivably have the documents sought.

17.     To the extent that general objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific request for production and are not to be construed as a waiver of any other general objections applicable to that request.

18.     Any statement that CRS agrees to produce documents in response to a given request for production constitutes a representation that CRS will produce documents within its possession, custody, or control that it is able to locate after a reasonable search. Any statement that CRS agrees to produce documents in response to a given request for production does not constitute a representation that it has possession, custody, or control of any such documents, or that such documents exist at all, and is not to be construed as an admission with respect to any issue in this case.

19.     CRS reserves the right to revise, correct, add to, supplement, and clarify its responses to these requests for production, but it assumes no obligation to do so other than those obligations imposed by an applicable rule or law.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Documents that were consulted or were referred to in preparing CRS' answer and affirmative defenses to the complaint.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "consulted," "referred," and "preparing" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document merely "consulted" or "referred" to in any way in preparing CRS's answer and affirmative defenses, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents that are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that documents it merely "consulted" or "referred" to in preparing CRS's answer and affirmative defenses are irrelevant and confidential. CRS further objects to the

extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 2:**

Documents that were consulted or were referred to in preparing CRS' Counterclaim.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "consulted," "referred," and "preparing" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document merely "consulted" or "referred" to in any way in preparing CRS's counterclaim, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that documents it merely "consulted" or "referred" to in preparing CRS's counterclaim are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its

possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 3:**

> Documents relating to CRS' business relationship with party defendant Shin Heung Precision Co., LTD ("Shin Heung") including but not limited to any agreements or contracts relating to the SAM4s electronic cash registers or other product or services of CRS.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrases "business relationship," "agreements or contracts," and "other product or services" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document merely "relating" to CRS's "business relationship" with Shin Heung, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that documents merely "relating" to CRS's "business relationship" with Shin Heung are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 4:**

Documents relating to CRS' business relationship with party defendant Sale Point, Inc., d/b/a Longino Distributing, Inc. ("Sale Point") including but not limited to any agreements or contracts relating to the SAM4s electronic cash registers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrases "business relationship" and "agreements or contracts" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document merely "relating" to CRS's "business relationship" with Sale Point, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that documents merely "relating" to CRS's "business relationship" with Sale Point are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 5:**

Documents or communications between CRS and Success.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" is vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and Success, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications "between" CRS and Success are irrelevant.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 6:**

Documents or communications between CRS and any party to this litigation, relating to Success, the Smokin' Rewards or Smokin Rebates programs, or any other Success programs.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "between," "party," and "programs" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and "any party to this litigation," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications

are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to Success or its programs are irrelevant and confidential.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 7:**

Documents or communications between CRS and any non-party, including but not limited to Altria, ITG, Juul, RJ Reynolds, Bandyworks, LLC, or NBS Systems relating to Success, the Smokin' Rewards or Smokin Rebates programs, or any other Success programs.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "between," "non-party," and "programs" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and any "non-party," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to Success and its programs are irrelevant. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 8:**

Documents or communications between Success and CRS relating to logic errors or other defects, problems, or issues with the SAM4s 630/6600 registers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "logic errors or other defects, problems, or issues" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and Success merely "relating" to issues with the SAM4s, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to issues with the SAM4s are irrelevant.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and

relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 9:**

Documents or communications between Shin Heung and CRS relating to logic errors or other defects, problems, or issues with the SAM4s 630/6600 registers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "logic errors or other defects, problems, or issues" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and Shin Heung merely "relating" to issues with the SAM4s, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to issues with the SAM4s are irrelevant and confidential, with specific reference to General Objection No. 14.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses; CRS, however, will not produce any documents or communications including the confidential information of CRS or Shin Heung. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 10:**

Documents or communications between Sale Point and CRS relating to logic errors or other defects, problems, or issues with the SAM4s 630/6600 registers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "logic errors or other defects, problems, or issues" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and Sale Point merely "relating" to issues with the SAM4s, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to issues with the SAM4s are irrelevant and confidential.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 11:**

Documents or communications between any non-party and CRS relating to logic errors or other defects, problems, or issues with the SAM4s 630/6600 registers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "between" and "non-party" and the phrase "logic errors or other defects, problems, or issues" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and any "non-party" merely "relating" to issues with the SAM4s, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to issues with the SAM4s are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 12:**

Documents or communications relating to the NDA between Success and CRS as referenced in paragraph 45 of the Complaint.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that it would be unduly burdensome to produce every document and communication merely

"relating" to the NDA, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that documents merely "relating" to the NDA are irrelevant. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 13:**

Documents or communications relating to any other agreement between Success and CRS other than the NDA between Success and CRS as referenced in paragraph 45 of the Complaint.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrase "any other agreement" is vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating" to any unspecified "other agreements," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS

additionally objects to the extent that any documents and communications merely "relating" to unspecified "other agreements" are irrelevant.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 14:**

Documents or communications relating to the purchase of software licenses for Success customers.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "purchase" and the phrases "software licenses" and "Success customers" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating to the purchase of software licenses for Success customers," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating to the purchase of software licenses for Success customers" are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 15:**

Documents or communications relating to any CRS employee traveling to Success' offices in Connecticut including but not limited the itinerary, subject matter, and substance of any meetings between CRS employees and Success during such trips.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrases "any CRS employee" and "itinerary, subject matter, and substance of any meetings" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating to any CRS employee traveling to Success' offices," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating to any CRS employee traveling to Success' offices" are irrelevant.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and

relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right

to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 16:**

> Documents and communications relating to the integration of Success' rebate reporting and
> loyalty rebate reporting programs into the SAM4s software.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects

that the terms "integration" and "programs" and the phrase "SAM4s software" are vague and

ambiguous. CRS also objects that it would be unduly burdensome to produce every document and

communication merely "relating" to the integration of Success's programs with the SAM4s,

regardless of relevance, and without restriction as to subject matter or document custodian,

particularly when the requested documents and communications are already in Success's

possession, custody, or control, or to which it has equal access. CRS additionally objects to the

extent that any documents and communications merely "relating" to the integration of Success's

programs with the SAM4s are irrelevant and confidential, with specific reference to General

Objection No. 14. CRS further objects to the extent the request calls for the production of

documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and

mutually convenient time and manner non-privileged and non-protected documents that are in its

possession, custody, or control, located after a reasonable search, responsive to this request, and

relevant to the parties' claims and defenses; CRS, however, will not produce any documents or

communications including the confidential information of CRS or Shin Heung. CRS's discovery

is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 17:**

Documents and communications relating to Success sending a register back to CRS during the integration of the Success rewards programs into the Sam4s software as referenced in paragraph 53 of the Complaint.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "integration" and "programs" and the phrase "Sam4s software" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating to Success sending a register back to CRS," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating to Success sending a register back to CRS" are irrelevant and confidential.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 18:**

All Skype recordings and records of any Skype meetings between Success employees and CRS employees.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrase "Skype recordings and records" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every recording or record of any "Skype meetings," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any recordings or records of any "Skype meetings" are irrelevant.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 19:**

All Skype recordings and records of any Skype meetings between or amongst CRS, Sale Point (or its predecessor), Bandyworks, LLC, NBS Systems and/or Shin Heung.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrase "Skype recordings and records" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every recording or record of any "Skype meetings," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the

extent that any recordings or records of any "Skype meetings" are irrelevant and confidential, with specific reference to General Objection No. 14.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected Skype recordings and records that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses; CRS, however, will not produce any Skype recordings and records including the confidential information of CRS, Shin Heung, or BandyWorks. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 20:**

Documents and communications relating to any changes made to any version of the SAM4s software using any information provided by Success or as a result of any information provided by Success.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrases "any changes," "any version of the SAM4s software," and "any information provided by Success" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating to any changes made to any version of the SAM4s software" from "any information provided by Success," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating to any changes made to any version of the SAM4s software"

21

are irrelevant and confidential, with specific reference to General Objection No. 14. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will not produce any documents in response to this request.

**REQUEST NO. 21:**

Documents and communications relating to any changes made to any version of the SAM4s software after May 24, 2021.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the phrases "any changes" and "any version of the SAM4s software" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "relating to any changes made to any version of the SAM4s software," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating to any changes made to any version of the SAM4s software" are irrelevant and confidential, with specific reference to General Objection No. 14. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will not produce any documents in response to this request.

**REQUEST NO. 22:**

Documents and communications between CRS and NBS Systems relating to Success or any Success product or program between January 1, 2019 and the present.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "product or program" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and NBS Systems merely "relating" to Success or "any Success product or program," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications merely "relating" to Success are irrelevant and confidential.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 23:**

Documents and communications between CRS and Bandyworks, LLC relating to Success or any Success product or program between January 1, 2019 and the present.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "product or program" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and BandyWorks merely "relating" to Success or "any Success product or program," regardless of relevance, and without restriction as to subject matter or document custodian. CRS additionally objects to the extent that any documents and communications between CRS and BandyWorks are irrelevant and confidential, with specific reference to General Objection No. 14.

**RESPONSE:**

Subject to the above general and specific objections, CRS will not produce any documents in response to this request.

**REQUEST NO. 24:**

Documents and communications between CRS and Bandyworks, LLC relating to any tobacco rewards or tobacco rebate program.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "any tobacco rewards or tobacco rebate program" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and BandyWorks merely "relating to any tobacco rewards or tobacco rebate program," regardless of relevance, and without restriction as to subject matter or document custodian. CRS additionally objects to the extent that any documents and communications between CRS and BandyWorks are irrelevant and confidential, with specific reference to General Objection No. 14.

24

**RESPONSE:**

Subject to the above general and specific objections, CRS will not produce any documents in response to this request.

**REQUEST NO. 25:**

Documents and communications between CRS and NBS Systems relating to any tobacco rewards or tobacco rebate program.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "between" and the phrase "any tobacco rewards or tobacco rebate program" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "between" CRS and NBS Systems merely "relating to any tobacco rewards or tobacco rebate program," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that any documents and communications between CRS and NBS Systems are irrelevant and confidential.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 26:**

Documents and communications upon which CRS intends to rely at trial.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "rely" is vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication "upon which CRS intends to rely at trial," regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects that it has not yet obtained or determined the documents and communications upon which it will rely at trial. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner, and consistent with deadlines set forth in the Federal Rules of Civil Procedure, United States District Court of Connecticut Local Rules, and the Court's orders, pretrial, and trial preferences, non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 27:**

Documents and communications regarding the allegations in the Complaint or regarding CRS's affirmative defenses or counterclaim as plead in this case.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the term "regarding" and the phase "allegations in the Complaint" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "regarding" Success's complaint or CRS's affirmative defenses or counterclaim, regardless of relevance, and without restriction as to subject matter or document custodian, particularly when the requested documents and communications are already in Success's possession, custody, or control, or to which it has equal access. CRS additionally objects to the extent that documents and communications merely "regarding" Success's complaint or CRS's affirmative defenses or counterclaim are irrelevant and confidential. CRS further objects to the extent the request calls for the production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:**

Subject to the above general and specific objections, CRS will produce by a reasonable and mutually convenient time and manner non-privileged and non-protected documents that are in its possession, custody, or control, located after a reasonable search, responsive to this request, and relevant to the parties' claims and defenses. CRS's discovery is continuing and it reserves the right to amend its response to this request and produce documents as they are discovered.

**REQUEST NO. 28:**

Documents and communications reflecting all modification or changes made to the SAM4s 630/660 code to accommodate the Bandyworks, LLC tobacco rewards or tobacco rebate program to operate.

**SPECIFIC OBJECTION:**

In addition to the general objections set forth above and incorporated herein, CRS objects that the terms "reflecting" and "accommodate" and the phrases "modification or changes made to the SAM4s 630/660 code" and "Bandyworks, LLC tobacco rewards or tobacco rebate program to operate" are vague and ambiguous. CRS also objects that it would be unduly burdensome to produce every document and communication merely "reflecting all modification or changes made to the SAM4s 630/660 code to accommodate the Bandyworks, LLC tobacco rewards or tobacco rebate program," regardless of relevance, and without restriction as to subject matter or document custodian. CRS Aadditionally objects to the extent that any documents and communications "reflecting all modification or changes made to the SAM4s 630/660 code to accommodate the Bandyworks, LLC tobacco rewards or tobacco rebate program" are irrelevant and confidential, with specific reference to General Objection No. 14.

**RESPONSE:**

Subject to the above general and specific objections, CRS will not produce any documents in response to this request.

Dated:  May 31, 2022                                  DEFENDANT CRS, INC.

                                  By:    /s/ John M. Doroghazi
                                         John M. Doroghazi (ct28033)
                                         Wiggin and Dana LLP
                                         One Century Tower
                                         P.O. Box 1832
                                         New Haven, CT 06510
                                         Tel: 203-498-4400
                                         jdoroghazi@wiggin.com

                  John A. Cotter (phv20332)
                  Larkin Hoffman Daly & Lindgren, Ltd.
                  8300 Norman Center Drive, Suite 1000
                  Minneapolis, Minnesota 55437
                  Phone: (952) 896-3340
                  Fax: (952) 896-3333
                  jcotter@larkinhoffman.com

                  4882-0601-9871, v. 1

29